# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br>1437 Bannock Street<br>Room 256<br>Denver, CO 80202 | DATE FILED: August 22, 2017 2:01 PM<br>FILING ID: AAE204D372075<br>CASE NUMBER: 2017CV33050 |
| DEANNA SALAS-SOLANO; an individual,<br><br>   Plaintiff,<br>v.<br><br>STARBUCKS CORPORATION, a Washington corporation,<br><br>   Defendant. | ▲ COURT USE ONLY ▲ |
| *Attorneys for Plaintiff:*<br><br>Sean B. Leventhal, #42371<br>Jonathan S. Sar, #44355<br>Leventhal Sar LLC<br>50 S. Steele Street, Suite 450<br>Denver, CO 80209<br>Phone: (303) 372-6140<br>Fax: (888) 446-8602<br>Email: sleventhal@leventhalsarlaw.com<br>   jsar@leventhalsarlaw.com<br><br>Brian Pushchak, #43705<br>Pushchak & Dible, LLC<br>50 S. Steele Street, Suite 450<br>Denver, CO 80209<br>Phone: (303) 372-6145<br>Email: brian@cherrycreekinjury.com | Case Number:<br><br>Division:<br><br>Courtroom: |
| **COMPLAINT FOR DAMAGES AND JURY DEMAND** | |

  Plaintiff, by and through her attorneys, submits this Complaint for Damages and Jury Demand, and states and alleges as follows:

## <u>NOTICE TO ELECT EXCLUSION FROM C.R.C.P. 16.1 SIMPLIFIED PROCEDURES</u>

Plaintiff, by and through her attorneys, hereby certifies that Plaintiff's claims against Defendant exceed $100,000, inclusive of any statutory or contractual attorney fees, penalties or punitive damages, but exclusive of interest and costs.

Pursuant to C.R.C.P. 16.1, Plaintiff opts out of the simplified procedures described in C.R.C.P. 16.1.

## PARTIES, JURISDICTION, AND VENUE

1. At all relevant times, Plaintiff Deanna Salas-Solano ("Plaintiff") was an individual residing in Denver County, in the State of Colorado.

2. At all relevant times, Defendant Starbucks Corporation ("Defendant") was a Washington corporation, in good standing to do business in Colorado, with a principal office address of 2401 Utah Ave S, Suite 800, Seattle, Washington 98134. Defendant's registered agent in Colorado is Prentice-Hall Corp System Inc, with a street address of 1560 Broadway, Suite 2090, Denver, Colorado 80202. Defendant was doing business as Starbucks, located at 5835 Leetsdale Dr., Denver, Colorado 80224. This Starbucks store may be referred to herein as the "Premises" or "the Starbucks."

3. This Court has personal and subject matter jurisdiction over this case pursuant to Colo. Rev. Stat. §§ 13-1-124 1(a), (b), and (c).

4. Venue is proper before this Court pursuant to Colo. R. Civ. P. 98(c) because Denver County is the location of the incident giving rise to this action.

## GENERAL ALLEGATIONS

5. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

6. This action arises from injuries, damages and losses sustained by Plaintiff as a result of Defendant's failing to provide a safe environment for its patrons, including by failing to use a hot cup sleeve when handing a large cup of hot tea through the drive-thru window to Plaintiff; by failing to assure that the lid was secured onto a cup of hot tea, and handing the cup of tea to Plaintiff without the lid securely attached; and by utilizing an unreasonably hot water temperature for the tea. The hot tea spilled, causing severe and permanent injuries to Plaintiff.

7. At all relevant times, Defendant was the owner and operator of the Premises (including the drive-thru)

8. At all relevant times, Defendant exercised possession and control over the Premises (including the drive-thru).

9. Defendant had a duty to keep its patrons safe, including by acting in a reasonable manner.

10. Defendant is responsible for the negligence, actions and/or inactions of its employees, agents, officers, and/or servants.

11. On or about September 26, 2017, Plaintiff ordered a "Venti" (20 fl. oz.) hot tea at the Starbucks' drive-thru. Plaintiff did not order her drink "extra hot" or similar.

12. Plaintiff drove her car to the pick-up window of the drive-thru.

13. Defendant's employee, agent, officer, and/or servant at the drive-thru window handed Plaintiff the tea.

14. Upon information and belief, Defendant's employee, Delaney Skaarer, handed the drink through the drive-thru window to Plaintiff.

15. At the time of service, the lid of the tea was not secured onto the cup.

16. The tea did not have a hot cup sleeve.

17. The tea was not "double-cupped."

18. The water temperature of the tea was unreasonably hot.

19. Once Plaintiff received the cup of tea into her hands, the hot temperature of the cup began to burn her hands.

20. Hot tea began to spill out of the cup through the unsecured lid and onto Plaintiff's body.

21. The tea caused Plaintiff's clothing to melt.

22. The tea caused severe burns to Plaintiff.

23. Plaintiff immediately experienced intense pain including on her stomach, legs, and lap.

24. At or about this time, Plaintiff began screaming for help and writhing and moaning in pain.

25. Thereafter, Plaintiff's dog, named Alexander, jumped onto Plaintiff's lap.

26. Tea spilled onto Alexander, causing the dog to yelp in pain.

27. Alexander was taken to an emergency veterinarian hospital. Alexander ultimately succumbed to the injuries caused by the tea, dying a short time later.

28. Below are pictures of Alexander after the burns:



29. Plaintiff was transported to the Emergency Department at Rose Medical Center, where she began treatment for her injuries, which included severe burns.

30. Plaintiff was scheduled for surgery for the following day at the Swedish Medical Center Burn and Reconstructive Unit.

31. At Swedish Medical Center, Plaintiff was diagnosed with, among other things, "2% total body surface area second-degree burn injury to the abdomen and bilateral thighs."

32. Plaintiff underwent an operation, under anesthesia, wherein skin grafts were utilized.

33. Below are several pictures of Plaintiff's injuries:











34.     Upon information and belief, prior to the acts and/or omissions giving rise to this action, Defendant had received complaints regarding failing to provide a hot cup sleeve when providing patrons with hot coffee or tea.

35.     Upon information and belief, prior to the acts and/or omissions giving rise to this action, Defendant had received complaints regarding failing to secure the cup's lid when providing patrons with hot coffee or tea.

36.     Upon information and belief, prior to the acts and/or omissions giving rise to this action, Defendant had received complaints regarding the temperature of the water used in making hot coffee or tea being dangerously high.

37.     Upon information and belief, Defendant had a written policy to securely fasten lids on hot tea beverages that was applicable to the Premises at the time of Plaintiff's injury.

38.     Upon information and belief, Defendant had a written policy to place hot cup sleeves on hot tea beverages that was applicable to the Premises at the time of Plaintiff's injury.

39.     Upon information and belief, Defendant had a written policy to "double-cup" hot tea that was applicable to the Premises at the time of Plaintiff's injury.

40. Upon information and belief, Defendant has a written policy regarding the temperature(s) at which hot tea beverages are served.

41. Upon information and belief, Defendant restricts the temperature at which it serves hot tea beverages, through the use of a hot water line, electric tea kettle, or otherwise, including at the Premises.

42. Upon information and belief, the restricted temperature of hot tea beverage served to Plaintiff was the same as such restricted temperature as of date of this Complaint.

43. Upon information and belief, certain of Defendant's employees, agents or contractors at the Premises receive grades for how fast they can move patrons through the drive-thru.

44. Upon information and belief, Defendant uses a wall-mounted timer at the Premises to time certain employees', agents', or contractors' performance in moving patrons through the drive-thru.

45. At all relevant times, Defendant was responsible for providing a safe environment for its patrons at the Premises, including when providing drinks to patrons at the drive-thru.

46. At all relevant times, Defendant knew or should have known, using reasonable care, that providing hot tea without a hot cup sleeve, without securing the lid onto the cup, and/or utilizing unreasonably hot temperatures for the water used the make the tea, would create an unreasonable risk of injury to patrons ordering tea at the drive-thru at the Premises.

47. The unreasonable acts described above constituted a dangerous condition or activity.

48. Upon information and belief, at the time Defendant's employees, agents or contractors created the hot tea beverage that caused Plaintiff's injury, the creation of the beverage was videotaped and Defendant is in possession of such footage.

49. Upon information and belief, at the time Defendant's employees, agents or contractors served the beverage to Plaintiff at the drive-thru window, such service was videotaped and Defendant is in possession of such footage.

50. Upon information and belief, at the time the beverage spilled on Plaintiff at the drive-thru window, such incident was videotaped and Defendant is in possession of such footage.

51. Upon information and belief, Defendant was aware of the dangerous condition that caused Plaintiff serious injury and damages.

52. At all relevant times, Plaintiff used reasonable care.

53. Plaintiff suffered severe injuries, damages, and losses as a result of the incident, unreasonable actions and/or inactions, and dangerous condition, described above, including, but not limited to, physical damages including severe burns, permanent scarring, loss of feeling, pain and suffering, emotional distress, inconvenience, physical disfigurement, physical impairment, lost earnings, and other past, present, and future damages.

54. Plaintiff claims past and future economic damages, past and future non-economic damages, past and future disfigurement damages, and past and future impairment damages. Plaintiff also claims all costs and interest available under the law.

## FIRST CLAIM FOR RELIEF
**(Premises Liability C.R.S. § 13-21-115)**

55. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

56. Defendant, at all relevant times, was in exclusive possession and control of the Premises, including the drive-thru.

57. Defendant, at all relevant times, was legally responsible for the condition of the Premises and the activities conducted or circumstances existing thereon.

58. Defendant, at all relevant times, was a "landowner" of the Premises, as defined by Colo. Rev. Stat. § 13-21-115(1).

59. Plaintiff, at all relevant times, was an "invitee" on the Premises, as defined by Colo. Rev. Stat. § 13-21-115(5)(a).

60. Defendant owed Plaintiff a duty to exercise reasonable care to protect against dangers about which it actually knew or should have known.

61. At the time of the incident, the dangerous conditions described above constituted a danger and an unreasonable risk of injury, damage, and loss to persons such as Plaintiff.

62. This conditions were ones about which Defendant knew or should have known in sufficient time to prevent injury, including, without limitation, by providing a hot cup sleeve, securing the lid onto the cup, and/or utilizing reasonable water temperatures.

63. Defendant unreasonably failed to exercise reasonable care to protect Plaintiff against dangers about which it actually knew or should have known.

64. Defendant's unreasonable failure to exercise reasonable care to protect Plaintiff against dangers about which it actually knew or should have known was a direct, foreseeable, and

proximate cause of Plaintiff's injuries, damages, and losses, as more fully described herein, in an amount to be proven at trial for which Defendant is liable.

## SECOND CLAIM FOR RELIEF
### (Negligence)

65. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

66. The preceding paragraphs establish a duty and breach of the duty Defendant owed to Plaintiff, as well as injuries and damages caused by said breach by the Defendant.

67. Plaintiff alleges a second claim for relief for negligence in the alternative, in the event the Court determines that this action is governed by common law negligence rather than the Colorado Premises Liability Act and the law construing it.

68. Although Plaintiff is entitled to only one recovery, she is nevertheless entitled to plead in the alternative.

69. As a direct, foreseeable and proximate result of Defendant's negligence, Plaintiff suffered injuries, damages, and losses as more fully described herein, in an amount to be proven at trial for which Defendant is liable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests compensatory damages in an amount to be determined at trial, all interest including all pre-judgment and post-judgment interest, costs, and such other and further relief as the Court deems just and proper.

## JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

DATED this 22nd day of August, 2017.

**LEVENTHAL SAR LLC**
*(Signed original on file at Leventhal Sar LLC)*

*/s/ Sean B. Leventhal*
LEVENTHAL SAR LLC
Sean B. Leventhal
Jonathan S. Sar

10

                                  PUSHCHAK AND DIBLE, LLC
                                  Brian Pushchak

                                  *Attorneys for Plaintiff*

Plaintiff's Address:
250 S. Jackson, Apt. 218
Denver, CO 80209

4825-3662-3437, v. 1